32,180-08

TO: Abel Acosta, Court Clerk
Texas Court of Criminal Appeals
P.O. Box 12308, Capitol Station
Austin, Texas    78711

RECEIVED IN
COURT OF CRIMINAL APPEALS

MAR 23 2015

Abel Acosta, Clerk

FROM: Rafael Vasquez, #738214
Ramsey 1
1100 FM 655
Rosharon, Texas 77583

DATE: 3/18/2015

RE: EX PARTE Rafael Vasquez, No. 1995-CR-0683-W2

Dear Mr. Acosta,

Please find enclosed, one copy of my timely filed Applicant's Supplemental Objections To The Trial Court's Order of Dismissal, And one copy of the Applicant's Supplemental Objections To The Trial Court's Order of Dismissal II, dated 3/17/15, both filed before The 175TH District Court of Bexar County, Per T.R.A.P. Rule 73. 4(b)(2)(West 2014). Because some part of the latter document is illegible, Please Refer To The Similar document Mailed To Your office, under Separate Cover, for No. 1995-CR-0685-W2.

1

Again, These documents were previously filed before THE TRiAL CourT per ART. §11.07.

Unfortunately, The Nature of The allegations as well as The documentary evidence This Applicant possesses, Suggest That iT would be well And reasonable To forward additional copies directly To Your office in a Timely fashion So That They Are insured To be part of The habeas Record. Please place These document copies as well as This letter in The appropriate file.

Thank You for Your Kind Consideration.

Respectfully submitted,

Rafael Vasquez

Applicant pro se.

No. 1995-CR-0683-W2

| | | |
|---|---|---|
| EX PARTE | § | IN THE 175th DISTR |
| RAFAEL VASQUEZ | § | DISTRICT COURT, BEXAR |
| | § | COUNTY, TEXAS. |
| | § | |
| | § | |

## APPLICANT'S SUPPLEMENTAL OBJECTIONS TO THE TRIAL COURT'S ORDER OF DISMISSAL

TO THE HONORABLE JUSTICES OF SAID COURT: Greetings.

Comes now, Rafael Vasquez, APPLICANT Herein, to file these, his supplemental OBJECTIONS to the Trial Court's dismissal of his Writ of Habeas Corpus. Said Order was dated 23 February, 2015, postmarked 3/5/2015, and received by Applicant on 3/10/2015. Thus, he has till 3/20/2015 to timely file his objections. See Houston v. Lack 487 U.S. 266, 101 L.Ed. 2d 245, 108 S.Ct. 2379 (1988)(Court documents timely filed if placed in a prison unit mailbox on or before the last day of filing).

## HISTORY

For the sake of judicial economy, Applicant respectfully reminds this Honorable Court that a more complete background is contained within the Applicant's first objections filed on March 11, 2015. Here, Applicant simply attaches two additional objections.

## OBJECTION # 2

a. The Trial Court lacked jurisdiction to make discretionary findings of fact and conclusions of law in her dismissal of 2/23/2015.Any discretional act performed by a disqualified judge

1.

is void. <u>Burkett v. State</u> 196 S.W.3d 892 (Tex.App.--Texarkana 2006). Here, the Trial Court failed or refused to make any findings of fact or conclusions of law as to whether or not she should be recused. When faced with a Motion for Recusal, a Trial Court is faced with two options; GRANT the motion, or, in the alternative, pass the motion on to another judge for disposition. The Trial Court's <u>limited</u> findings of fact and conclusions of law operated as their own error, indeed, as a structural error further denying Applicant his right to a trial court without partiality. See <u>Abdygapparova v.State</u> 243 S.W.3d 191 (Tex.App.--San Antonio, 2007)(finding this same Trial Court to have been biased and prejudiced in a capital murder case requiring reversal); <u>Cain v. State</u> 947 S.W.2d 262, 264 (Tex.Crim.App. 1997); <u>Blue v..SSate</u> 41 S.W.3d 41 S.W.3d 129, 138 (Tex.Crim.App. 2000); Tex.Const. Art. V, §1-a(6)A. Easily, the Trial Court's <u>limited</u> findings of fact and conclusions of law, if any, purposefully circumvented the "reasonable member of the public at large," analysis required per <u>Cain</u>, supra.; <u>Abdygapparova v. State</u>, supra., and <u>Arizona v. Fulminante</u> 499 U.S. 279 (1991).


## OBJECTION # 3

a. In <u>East v. Scott</u> 55 F.3d 996 (5th Cir. 1995), the court held that "the opportunity for an evidentiary Hearing is a federal habeas corpus proceeding is mandatory only where there is a factual dispute which, if resolved in the petitioner's favor, would entitle the petitioner to relief and the petitioner has not received a full and fair evidentiary hearing in state court." (citing <u>Townsend v..SSin</u> 372 UUS. 293 (1963)). Here, the Trial

Court has exercised limited jurisdiction that operates to deny Applicant the opportunity to envoke the appropriate standard of evidence used in answering the question of whether or not the Trial Court should have recused herself. An evidentiary hearing is required to ascertain the meritorious facts where the state trier of fact has rested upon an error of law in making her decision, specifically, that she lacks jurisdiction over a writ of habeas corpus seeking only an out-of-time appeal o opportunity. Townsend, supra., 372 U.S. 293, 315 (1963).

Each and every allegation previously advanced in the instant Writ of Habeas Corpus and the first submitted Objection are herein reasserted.

Respectfully submitted.

_____
Rafael Vasquez  APPLICANT

## UNSWORN DECLARATION

I, Rafael Vasquez, TDCJ #738214, an inmate confined in the Ramsey 1 Unit located in Brazoria County, Texas, swear under penalty of perjury, that the foregoing instrument is true and correct insofar as I understand the applicable law to require.

Executed this 15th day of March, 2015.

_____
Rafael Vasquez  APPLICANT

## CERTIFICATE OF SERVICE

I, Rafael Vasquez, TDCJ #738214, aver and affirm that a true and complete copy of this instrument was delivered by first class mail, postage prepaid, to the office of the Bexar County District Attorney, Mr. Nicholas "Nico" LaHood at the Paul Elizondo Tower, San Antonio, Texas 78205, on this, the 15th day of March, 2015.

Delivered at: Cadena-Reeves Justice
Center, 300 Dolorosa, 5th floor
San Antonio, Texas  78205-3030

_____
Rafael Vasquez  APPLICANT

3.

────── ──onomy, Applicant respectfully
points to a more complete history of this Writ of Habeas Corpus
filed with the instant application. Here, Applicant notes that
he has, to date, filed an written Objection to the Court's sua
sponte dismissal on 3/11/2015. See also, his Supplemental Objections
#2 & 3 filed 3/15/2015. This is his second supplemental objection
timely filed in accordance with TRAP R. 73.4 (b)(2).

EX PARTE § IN THE 175th CRIMINAL
RAFAEL VASQUEZ § DISTRICT COURT, BEXAR
§ COUNTY, TEXAS
§
§
§
APP. APPLICANT'S SUPPLEMENTAL OBJECTIONS TO THE TRIAL COURT'S
ORDER OF DISMISSAL

TO THE HONORABLE JUSTICES OF SAID COURT: Greetings.

Comes now, Rafael Vasquez, Applicant herein, to file before
the Court, this, his supplemental Objections to the Trial Court's
Order of Dismissal, dated 23 February, 2015, postmarked 3/5/15,
and received by Applicant on 2/10/2015. Thus, he has until 3/20/15
to timely file his objections. See, Tex.R.App.Proc., Rule 73.4
(b)(2)(West 2014); <u>Houston v. Lack</u> 108 S.Ct. 2379 (1988)(Prison
"mailbox rule").

## HISTORY

For the sake of judicial economy, Applicant respectfully
points to a more complete history of this Writ of Habeas Corpus
filed with the instant application. Here, Applicant notes that
he has, to date, filed an written Objection to the Court's sua
sponte dismissal on 3/11/2015. See also, his Supplemental Objections
#2 & 3 filed 3/15/2015. This is his second supplemental objection
timely filed in accordance with TRAP R. 73.4 (b)(2).

fact-finder would [not] have found the Applicant guilty of the underlying offense." See §2244€€€(2)€A)(B), nor that his claim

Applicant's Objection to the Trial Court's dismissal # 4:

the Trial Court alleges that she lacks jurisdiction because the application contains sufficient, specific facts establishing that the current claims and issues have not been raised or addressed previously since advisably because it follows another application. The application should be remanded back to the Trial Court to address the issues therein.

A prisoner's application is not second or successive simply because it follows an earlier petition. The appropriate vehicle for seeking an out-of-time appeal is by writ of habeas corpus from the Texas Court of Criminal Appeals. V.A.C.C.P. Art. 11.07, Ashorn v. State 77 S.W.3d 405, 409 (Tex. App.—Houston [1st Dist.])

overlooked the first half of this requirement in her allegation of lack of jurisdiction. And in any event, by definition, Applicant does not rely on newly discovered evidence to show that a "reasonable fact-finder would [not] have found the Applicant guilty of the underlying offense." See §2244€€€(2)€A)(B), nor that his claim "Relies on a new rule of constitutional law." Cain v. State 947 S.W.2d 262, 264 (Tex.Crim.App. 1997)(non-successive writ of habeas corpus applications dismissed as "not necessary). Accordingly, a prisoner's application is not successive simply because it follows another application. The application should be remanded back to the Trial Court to address the issues therein;

Objection # 5 : And in any event, the appropriate vehicle for seeking an out-of-time appeal is by writ of habeas corpus from the Texas Court of Criminal Appeals. V.A.C.C.P. Art. 11.07, Ashorn v. State 77 S.W.3d 405, 409 (Tex. App.—Houston [1st Dist.]

2002, pet. filed); <u>Rivera v. State</u> 940 S.W.2d 148,149 (Tex.App.
--San Antonio 1996, no pet.); <u>Olivo v. State</u> 918 S.W.2d 519,
525, n.8 (Tex.Crim.App. 1996)("denial of a meaningful appeal
due to ineffective assistance of counsel is proper grounds for
habeas relief."). Thus, the prior application, seeking only an
out-of-time opportunity of file a PDR is "another matter," neither
of which have anything to do with the underlying conviction other
than "sharing the same forum or fact-finding" that do not reach
the definintion of a challenge to the conviction. <u>Ex Parte Evans</u>
Because seeking an out-of-time PDR involved other considerations,
the instant application cannot be considered successive or abusive.
Applicant prays this Honorable Court REMAND the issues back to
the Trial Court for further proceedings.

Respectfully submitted,

_____

Respectfully submitted,  ) APPLICANT
Rafa

### UNSWORN DECLARATION

I, Rafael Vasquez, TDCJ # 738214, an inmate confined in
the Ramsey 1 Unit located in Brzoria County, Texas, swear under
penalty of perjury, that the foregoing instrument is true and
corret insofar as I understand the applicable law to require.

Executed this 17th day of March, 2015.

_____
Rafael Vasquez / APPLICANT

### CERTIFICATE OF SERVICE

I, Rafael VAsquez, TDCJ # 738214, swear and affirm that
a true and complete copy of this instrument was delivered by
first class mail, postage prepaid, to the Bexar County District
Attorney, Mr. Nicholas LaHood, at Cadena-Reeves Justice Center,
300 Dolorosa, 5th Floor, San Antonio, Texas 78205-3030 on this,
the 17th day of March, 2015.

_____
Rafael Vasquez / APPLICANT

3.